IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CARTER B. EDGE,      *
     *
     Plaintiff,      *
     *
v.      *     CIVIL ACTION NO.
     *
NORTH AMERICAN ELECTRIC      *     1:21-CV-04783-TWT-AJB
RELIABILITY CORPORATION,      *
     *
     Defendant.      *     **JURY TRIAL DEMAND**

## COMPLAINT

Comes Now, Plaintiff, Carter B. Edge, and files his Complaint against the above-named Defendant on the following grounds:

## INTRODUCTION

1.

This is an action for age discrimination and retaliation pursuant to the Age Discrimination in Employment Act ("ADEA"), codified at 29 U.S.C. § 621 et seq.

## JURISDICTION

2.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

3.

Defendant is a non-profit New Jersey corporation registered to do business within the State of Georgia.

4.

Defendant maintains its principal office at 3353 Peachtree Road, N.E., Suite 600, North Tower, Atlanta, Fulton County, Georgia 30326.

5.

Defendant's registered agent is C.T. Corporation System, with its registered address at 289 S. Culver Street, Gwinnett County, Lawrenceville, Georgia 30046-4805.

6.

This Court has personal jurisdiction over Defendant.

**VENUE**

7.

Defendant operates and maintains its principal office within the Atlanta Division of the Northern District of Georgia.

8.

Defendant's registered agent and registered address are within the Atlanta Division of the Northern District of Georgia.

9.

A substantial part of the events or omissions giving rise to the claims alleged against Defendant herein occurred within the Atlanta Division of the Northern District of Georgia.

10.

Venue in this district is proper for Defendant pursuant to 28 U.S.C. § 1391(b-c).

**THE PARTIES**

11.

The Plaintiff is a fifty-three (53) year old male who resides in Elbert County, Georgia.

12.

The Plaintiff was formerly employed as a Senior Engineer with Defendant.

13.

Defendant is an international regulatory authority with the mission of providing effective and efficient reduction of risks to the reliability and security of the power grid in North America, including within the State of Georgia.

14.

Defendant may be served with summons and process by service upon its registered agent, C.T. Corporation System, 289 S. Culver Street, Gwinnett County, Lawrenceville, Georgia 30046-4805.

**FACTS**

15.

On or about January 1, 2017, the Plaintiff began his employment with Defendant as a Senior Engineer.

16.

On or about March 12, 2021, the Plaintiff was informed by his Steven Noess (approximately 43 years of age), Director of Regulatory Programs, that his employment was being terminated due to a "reduction in force" ("RIF").

17.

In implementing its RIF, the Defendant grouped three (3) employees as Senior Engineer RA and Certification.

18.

The three (3) employees were the Plaintiff (age 52 at the time of the RIF), Robert Kenyon (age 74 at the time of the RIF), and, Clayton Calhoun (age 42 at the time of the RIF).

19.

In implementing the RIF, the Defendant did not rely upon objective criteria.

20.

In implementing the RIF, the Defendant deviated from its RIF criteria.

21.

In implementing the RIF, the Defendant terminated the oldest two (2) employees in the group, and retained the substantially younger employee.

22.

In implementing the RIF, the Defendant transferred substantially younger employees, such as Ryan Stewart (approximately thirty-four (34) years of age), in order not to RIF substantially younger employees.

23.

In implementing the RIF, the Defendant did not allow the Plaintiff to transfer to other open positions.

24.

In implementing the RIF, the Defendant did not allow Kenyon to transfer to other open positions.

25.

Defendant terminated the Plaintiff for pretextually motivated reasons for the purpose of retaining and hiring substantially younger employees.

26.

The reasons for the Plaintiff's termination are false and a pretext for age discrimination.

27.

The Plaintiff has been treated differently than similarly-situated employees in the terms and conditions of his employment because of his age.

28.

Defendant has engaged in illegal discrimination against the Plaintiff because of his age.

## COUNT ONE: ADEA – AGE DISCRIMINATION

29.

Plaintiff incorporates herein paragraphs 1 through 28 of his Complaint.

30.

Defendant has engaged in intentional age discrimination in the terms and conditions of the Plaintiff's employment, including, but not limited to, his termination.

31.

Defendant's conduct violates the ADEA.

32.

On August 9, 2021, the Plaintiff filed a timely Charge of Discrimination alleging age discrimination with the United States Equal Employment Opportunity Commission ("EEOC").  (A true and accurate copy of EEOC Charge of Discrimination #410-2021-04063 is attached hereto as Exhibit A)

33.

On or about August 27, 2021, the Plaintiff received his "Notice Of Suit Rights" letter from the EEOC for his Charge of Discrimination.  (A true and accurate copy of the EEOC "Notice of Suit Rights" letter for EEOC Charge of Discrimination #410-2021-04063 is attached hereto as Exhibit B)

34.

The Plaintiff has filed this action under Title VII within ninety (90) days after receipt of his "Notice Of Suit Rights" letter from the EEOC.

35.

The Plaintiff has satisfied all statutory prerequisites for filing this action.

36.

Defendant's discriminatory conduct, in violation of the ADEA, has caused the Plaintiff to suffer a loss of pay, benefits, and prestige.

37.

Defendant's actions have not been grounded in good faith and have not been based upon reasonable grounds, entitling the Plaintiff to liquidated damages under 29 U.S.C. § 260.

## PRAYER FOR RELIEF

38.

Wherefore, Plaintiff prays for a judgment as follows:

1. That the Court order Defendant to reinstate him and all benefits, including, but not limited to, his bonuses and 410(K) contributions;

2. That the Court grant full front pay to the Plaintiff;

3. That the Court grant full back pay to the Plaintiff;

4. That the Court grant Plaintiff all employment benefits he would have enjoyed had he not been discriminated against;

5. That the Court grant Plaintiff liquidated damages under the ADEA;

6. That the Court grant Plaintiff expenses of litigation, including reasonable attorneys' fees, pursuant to the ADEA and/or 42 U.S.C. § 1988;

7. That the Court grant Plaintiff a jury trial;

8. That the Court grant Plaintiff all other relief the Court deems just and proper; and

9. That the Court grant temporary, preliminary, and permanent injunctive relief prohibiting Defendant from engaging in further discriminatory conduct.

Respectfully submitted this <u>19th</u> day of November 2021.

**THE REDDY LAW FIRM, P.C.**

/s/K. Prabhaker Reddy
K. PRABHAKER REDDY
Attorney at Law
Georgia Bar No. 597320
1325 Satellite Boulevard
Suite 1506
Suwanee, Georgia 30024
Telephone: (678) 629-3246
Facsimile: (678) 629-3247
Email: kpr@reddylaw.net